■ PETER BIRNHAM, Respondent, v SUSAN BIRNHAM, Appellant.—In a matrimonial action, the defendant wife appeals from (1) an order of the Supreme Court, Orange County (Rubenfeld, J.), dated September 16, 1983, which denied her motion to vacate the note of issue and certificate of readiness; (2) an order of the same court (Walsh, J.), dated February 21, 1984, which, after a hearing, *inter alia,* awarded custody of the parties' minor child to the plaintiff husband unless defendant returned from Florida within a reasonable time or the previously ordered home and psychiatric evaluations raised any questions as to the propriety of the contemplated change of custody; (3) so much of an order of the same court (Walsh, J.), dated April 6, 1984, as denied defendant's cross motion to have plaintiff examined "by a psychiatrist and psychologist selected by her"; (4) so much of a further order of the same court (Walsh, J.), dated May 1, 1984, as denied reargument of the order dated February 21, 1984; and (5) a judgment of the same court (Walsh, J.), dated September 20, 1984, which, *inter alia,* after denying defendant's motion for the court to decline jurisdiction or to set the matter down for a rehearing, directed defendant to return the child to New York State within 30 days or relinquish custody of the child to the plaintiff.

Justice Thompson has been substituted for former Justice, now Judge Titone (*see,* Judiciary Law § 21; *Wittleder v Citizens' Elec. Illuminating Co.,* 47 App Div 543).

Appeals from the orders dated September 16, 1983, February 21, 1984, and April 6, 1984, dismissed, without costs or disbursements (*see, Matter of Aho,* 39 NY2d 241, 248). The issue raised on the appeal from the order dated April 6, 1984 is brought up for review by and has been considered on the appeal from the final judgment (*see,* CPLR 5501 [a] [1]).

Appeal from the order dated May 1, 1984, dismissed, without costs or disbursements. No appeal lies from an order denying reargument.

Judgment, dated September 20, 1984, reversed, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith.

In a matrimonial action in which the issues of custody and child support were at issue, Special Term determined, after a hearing, that there were no "compelling exceptional circumstances which justified defendant's removal of [the parties' child] * * * to Florida in derogation of plaintiff's noncustodial

rights". It therefore ordered, *inter alia,* that the defendant return the child to New York within 30 days after entry of the judgment or custody would be transferred to the plaintiff. However, during the course of the hearing it was revealed that the plaintiff had a problem with anxiety. The court therefore ordered home investigations of each party and an independent psychiatric evaluation of the plaintiff's anxiety problem to determine its effect, if any, on the paternal-child relationship should custody have to be transferred.

After the court had received favorable home and psychiatric evaluations of the plaintiff, defendant moved, *inter alia,* to reopen the hearing so that she could examine the authors of these reports, which were submitted to the court after the hearing had concluded. This motion was denied.

Under the circumstances of this case, we find that the court's denial of this request constituted an improvident exercise of discretion. The judgment is therefore reversed and the case is remitted to Special Term so that the hearing may be reopened in order to allow the parties an opportunity to examine the authors of the respective home and psychiatric evaluations submitted to the court. In view of this finding, we decline, at this time, to address the other issues raised on these appeals. Mollen, P. J., Lazer, Thompson and Rubin, JJ., concur.