■ In the Matter of DEBRA GOLDMAN, Appellant, v SCOTT GOLDMAN, Respondent. [608 NYS2d 533] —White, J. Appeal

(transferred to this Court by order of the Appellate Division, Second Department) from an order of the Family Court of Rockland County (Warren, J.), entered October 25, 1991, which, in a proceeding pursuant to Family Court Act article 6, denied petitioner's motion to vacate an order granting respondent custody of the parties' child.

On May 17, 1991, following a settlement conference, petitioner entered into an open-court stipulation wherein she agreed that respondent would have custody of their son, then age five. It was further stipulated that she would have the right to reopen the custody question if a forthcoming psychiatric report provided a basis for doing so. Without awaiting the report, petitioner on July 7, 1991 moved to vacate Family Court's order predicated upon the stipulation on the ground of mistake. Family Court denied the motion in a comprehensive decision. This appeal ensued.

The stipulation underlying Family Court's order may be set aside on the ground of unintended mistake of fact only where the enforcement of the contract would be unconscionable, the mistake is material and was made despite the exercise of ordinary care by the party in error (see, McClain Realty v Rivers, 144 AD2d 216, lv dismissed 73 NY2d 995).

Petitioner contends that she consented to respondent having custody of their son because when her attorney emerged from the conference, he told her that if she did not consent the District Attorney was prepared to file charges against her for child abuse, which she mistakenly believed would have led to her immediate arrest and imprisonment. Although petitioner discussed this concern with her mother, who accompanied her to Family Court, she never expressed her concerns to her attorney during the course of his "very extensive" explanation of the proposed settlement. Nor did she mention them to Family Court, which conducted a lengthy colloquy with her regarding the terms of the stipulation and whether they were agreeable to her. Having failed to take advantage of these opportunities to correct her mistake, petitioner cannot now claim that the stipulation is fatally flawed. Therefore, we find that petitioner's argument that Family Court erred in refusing to vacate its order is without merit.

We also reject petitioner's argument that Family Court erred in awarding custody to respondent without conducting an evidentiary hearing. The custody investigation report, the reports from the five mental health professionals and the report from Child Protective Services that a petition would be

filed against petitioner alleging child abuse provided Family Court with sufficient information to enable it to undertake a comprehensive independent review of the child's best interest *(see, Matter of Oliver S. v Chemung County Dept. of Social Servs.,* 162 AD2d 820, 822). Moreover, by failing to request a hearing, petitioner waived the right to object to any irregularities in the proceeding *(see, supra).* In the final analysis, there was no reason for Family Court to vacate its order because petitioner did not present any evidence to indicate that a change of custody will substantially enhance the child's welfare or that respondent is less fit to continue as the custodial parent *(see, Matter of Clary v Bond,* 186 AD2d 869).

For these reasons, we affirm.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.