In the Matter of TYRONE W., Appellant, v DAWN M.P., Respondent. [811 NYS2d 255]—

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered September 23, 2004 in a proceeding pursuant to Family Court Act article 6. The order granted respondent custody of the children with visitation to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner father and respondent mother each filed petitions seeking modification of a prior order of custody and visitation entered upon the stipulation of the parties. Pursuant to that order, the parties had joint custody of their two children, with primary physical custody of their son to petitioner and primary physical custody of their daughter to respondent. By their respective petitions, the parties each sought primary physical custody of both children. Family Court granted respondent's petition, thereby granting respondent custody of the children with visitation to petitioner. The court properly concluded that respondent made "a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child[ren]" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]; *see Matter of Musgrove v Bloom*, 19 AD3d 819 [2005]). Petitioner admitted that he would not allow respondent to have visitation with their son, and we conclude that his conceded interference with respondent's visitation rights was sufficient to establish a change in circumstances (*see Matter of Darla N. v Christine N.* [appeal No. 2], 289 AD2d 1012, 1012-1013 [2001]).

The court further properly concluded that it was in the best interests of the children to grant respondent primary physical custody of both children. The record establishes that petitioner was not supportive of the son's relationship with respondent, whereas respondent recognized the importance of petitioner's relationship with both children. In addition, the record establishes that petitioner initially refused to submit to a court-ordered drug test and, when he was finally tested, the results were positive for the presence of opiates. Although petitioner testified that he had three years earlier filled a prescription and had taken that prescription drug just prior to the drug test, resulting in the positive finding, that explanation was not credible. Contrary to petitioner's contention, the court did not abuse its discretion in reopening the hearing two weeks after its conclusion based on new information received by the court (*see Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980], *rearg denied* 50 NY2d 1059 [1980]; *cf. Birnham v Birnham*, 112 AD2d 967, 968 [1985]). Finally, we reject the contention of petitioner that he was denied effective assistance of counsel (*see Matter of Appell v Gooden*, 13 AD3d 1212, 1213 [2004]; *Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]; *Matter of Bates v Bates*, 290 AD2d 732, 734 [2002]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.