■ In the Matter of KOLIEN RICHMOND, Respondent, v ROBERT PEREZ, Appellant. (Proceeding No. 1.) In the Matter of ROBERT PEREZ, Appellant, v KOLIEN RICHMOND, Respondent. (Proceeding Nos. 2, 3, and 4.) [832 NYS2d 618]—

In related custody proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Dutchess County (Forman, J.), dated September 6, 2005, which denied that branch of his motion which was to set aside his prior consent to a "mini-hearing" procedure, and (2) an order of the same court dated September 15, 2005, which, after a hearing, inter alia, awarded sole custody of the parties' child to the mother.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from the order dated September 6, 2005, is treated as an application for leave to appeal from that order, and leave to appeal is granted (*see* Family Ct Act § 1112); and it is further,

Ordered that the orders are reversed, on the law, without costs or disbursements, that branch of the father's motion which was to set aside his prior consent to a "mini-hearing" procedure is granted, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith.

At a hearing held before the Family Court on May 31, 2005 the attorney for the father consented to a "mini-hearing" procedure to determine the custody of the child, in which the father and the mother would testify in narrative form, to be followed by questions from the court and the law guardian. The format did not allow for the cross-examination of witnesses. At a hearing on August 11, 2005 the father's attorney moved to be relieved as counsel, on the ground that the father would not cooperate with him in preparing for the "mini-hearing." The court asked the attorney if he could continue representing the father for the remainder of the August 11th hearing. Before the attorney could answer, the court again outlined the "mini-hearing" procedure, and neither the father nor the attorney made any objection. The court then stated that it was relieving the father's attorney. In an order dated September 6, 2005, the court denied that branch of the father's pro se motion which was to set aside his prior consent to the "mini-hearing" procedure.

At the close of the "mini-hearing," held on September 15, 2005 the court stated that it was awarding sole custody of the child to the mother. The court then scheduled a psychiatric evaluation for the father to be held on December 22, 2005. In a written order dated September 15, 2005, the court, inter alia, awarded sole custody of the parties' children to the mother.

Although the parties in custody disputes may waive objections to irregular proceedings (*see Kuleszo v Kuleszo,* 59 AD2d

1059, 1060 [1977]), it is unclear from the instant record whether or not the father was represented by counsel at the August 11th hearing. Thus, when the court again outlined the "mini-hearing" procedure, both the father and his attorney may have expected the other to make an objection. The failure to object in such confusing circumstances cannot be said to constitute an intelligent waiver of the father's rights (cf. *Matter of Goldman v Goldman,* 201 AD2d 860, 861 [1994]).

Moreover, the court erred in making a determination regarding custody prior to receiving the father's psychiatric evaluation, which the court itself had requested (see *Matter of Tyrone W. v Dawn M.P.,* 27 AD3d 1147, 1148 [2006]; *Birnham v Birnham,* 112 AD2d 967, 968 [1985]). Furthermore, the Family Court failed to state in the record the basis of its award of custody to the mother (see *Matter of Machado v Del Villar,* 299 AD2d 361 [2002]; *Matter of Vangas v Ladas,* 259 AD2d 755 [1999]; CPLR 4213 [b]). Accordingly, we remit the matter to the Family Court, Dutchess County, for a de novo hearing and a new determination regarding the petitions for custody. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur.