■ In the Matter of JOAN DECOURSY, Appellant, v DIANE POPLAWSKI et al., Respondents. [878 NYS2d 750]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the petitioner maternal grandmother appeals from an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated January 7, 2008, which, after a hearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

Although grandparents have no absolute or automatic right to visitation in New York State, Domestic Relations Law § 72 (1) allows them to apply for visitation rights if the circumstances are such that "equity would see fit to intervene." Whether such visitation should be granted lies within the discretion of the Family Court (*see Lo Presti v Lo Presti,* 40 NY2d 522, 527 [1976]), and must be determined in light of the grandchildren's best interests (*see Matter of E.S. v P.D.,* 8 NY3d 150, 157 [2007]; *Lo Presti v Lo Presti,* 40 NY2d at 527).

Contrary to the petitioner's contention, the Family Court providently exercised its discretion in dismissing her petition. There is ample evidence in the record, including the granddaughter's well-documented apprehension regarding visitation with the petitioner, to support the determination that grandparent visitation would not be in the grandchildren's best interests (*see Matter of Wilson v McGlinchey,* 2 NY3d 375, 382 [2004]; *Matter of Doolittle v Orange County Dept. of Social Servs.,* 304 AD2d 828 [2003]; *Matter of D'Alessandro v D'Alessandro,* 283 AD2d 429 [2001]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.