■ In the Matter of KOONTIE MOHABIR, Appellant, v KUMAR SINGH, Respondent. [881 NYS2d 303]—In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Ebrahimoff, Ct. Atty. Ref.), dated May 16, 2008, as, after a hearing, denied her petition to modify an order of the same court dated October 14, 2003, inter alia, awarding the father sole custody of the parties' child, so as to award her sole custody of the subject child, and modified the visitation schedule in the order dated October 14, 2003, by reducing her visitation with the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

By order dated October 14, 2003, the father was awarded sole custody of the parties' child and the mother was awarded liberal visitation. The mother subsequently brought the instant petition to modify that order so as to award her sole custody. Contrary to the mother's contentions, the Family Court properly considered the totality of the circumstances in determining that the best interests of the child would be served by continuing the award of sole custody to the father, and by modifying the prior visitation schedule (*see Eschbach v Eschbach,* 56 NY2d 167, 174 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]). The Family Court's determination was made after a hearing and an in camera interview with the subject child. Since the Family Court's determination has a sound and substantial basis in the record, it will not be disturbed (*see Matter of Isseroff v Isseroff,* 52 AD3d 834 [2008]; *Matter of Perez v Martinez,* 52 AD3d 518, 519 [2008]; *Matter of Tercjak v Tercjak,* 49 AD3d 772 [2008]; *Petek v Petek,* 239 AD2d 327, 328 [1997]; *see also Matter of Edwards v Rothschild,* 60 AD3d 675, 678 [2009]). Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.