■ In the Matter of VALERIE ROBINSON, Appellant, v MICHAEL LEWIS et al., Respondents. [900 NYS2d 888]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the grandmother appeals from an order of the Family Court, Kings County (Feldman, J.H.O.), dated February 24, 2009, which, after a hearing, dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for a new hearing consistent herewith, and thereafter, a new determination of the petition.

"Although grandparents have no absolute or automatic right to visitation in New York State, Domestic Relations Law § 72 (1) allows them to apply for visitation rights if the circumstances are such that 'equity would see fit to intervene' " (*Matter of Decoursy v Poplawski*, 61 AD3d 974, 974 [2009]). Whether such visitation should be awarded lies within the discretion of the Family Court (*see Lo Presti v Lo Presti*, 40 NY2d 522, 527 [1976]; *Matter of Ehrlich v Ressner*, 55 AD2d 953 [1977]), and must be determined in light of the grandchild's best interests (*see Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Lo Presti v Lo Presti*, 40 NY2d at 527; *Matter of Decoursy v Poplawski*, 61 AD3d at 974).

Under the particular circumstances of this case, the Family Court improperly dismissed the grandmother's petition for visitation with the subject grandchild (hereinafter the child) without first conducting a full inquiry into the matter to determine whether such visitation was in the child's best interests (*see generally Matter of Machado v Del Villar*, 299 AD3d 361 [2002]). The Family Court terminated the hearing held on the petition without conducting an in camera interview with the child (*cf. Matter of E.S. v P.D.*, 27 AD3d 757, 758 [2006], *affd* 8 NY3d 150 [2007]) and without permitting the grandmother to complete her presentation. Additionally, the Family Court failed to admit into evidence a forensic evaluation report prepared by a clinical psychologist at the Family Court's direction (*see Matter of Richmond v Perez*, 38 AD3d 782, 784 [2007]; *see also Matter of Chaya S. v Frederick Herbert L.*, 266 AD2d 219 [1999]; *Matter of Youngblood v Amrhein*, 216 AD2d 475, 476 [1995]), and did not give the parties an opportunity to examine the forensic expert. Finally, in determining that visitation with the grandmother was not in the child's best interests, the Family Court failed to consider whether any alternatives to unsupervised visitation, such as supervised visitation and/or limited telephone contact, would be in the child's best interests (*see Matter of Fletcher v Fletcher*, 29 AD3d 908, 909 [2006]).

Accordingly, we remit the matter to the Family Court, Kings County, for a new hearing and, thereafter, a new determination of the petition. We express no opinion with respect to what the ultimate determination of the Family Court should be. Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.