■ In the Matter of Ramon M. Aquino, Respondent, v Jaclyn F. Antongiorgi, Appellant. [925 NYS2d 339]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Dutchess County (Forman, J.), dated November 4, 2009, as, after a hearing, in effect, granted the father's petition, in effect, to modify so much of an order of the same court dated May 2, 2008, as continued an award of joint custody of the subject children, so as to award him sole custody of the children with certain visitation to the mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"[M]odification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Pignataro v Davis*, 8 AD3d 487, 488 [2004]). The best interests of the child are determined by an examination of the totality of the relevant circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]). Insofar as custody determinations "are largely dependent upon the assessment of the witnesses' credibility and

upon the character, temperament, and sincerity of the parents" (*Matter of Reyes v Polanco*, 83 AD3d 849, 850 [2011]), the hearing court's findings will not be disturbed so long as they are supported by a sound and substantial basis in the record (*id.*).

Here, the Family Court's determination, in effect, that joint custody is no longer a viable option and that under the totality of the circumstances it would be in the best interests of the subject children to award the father sole custody with certain visitation to the mother has a sound and substantial basis in the record and, as such, will not be disturbed (*see Matter of Mohabir v Singh*, 63 AD3d 1159 [2009]; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]; *see also Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947-948 [1985]; *Matter of Lovitch v Lovitch*, 64 AD3d 710, 712 [2009]; *Zafran v Zafran*, 28 AD3d 753, 755 [2006]; *Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 985 [2003]). Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.