■ In the Matter of RAMON M. AQUINO, Respondent, v JACLYN F. ANTONGIORGI, Appellant. (Proceeding Nos. 1 and 2.) In the Matter of JACLYN F. ANTONGIORGI, Appellant, v RAMON M. AQUINO, Respondent. (Proceeding Nos. 3 and 4.) [938 NYS2d 460]—

Contrary to the mother's contention, the Family Court's determination, in effect, that it would not be in the best interests of the children for it to modify a prior order awarding the father sole custody of the parties' children so as to award her sole custody, has a sound and substantial basis in the record and, accordingly, will not be disturbed (*see Matter of Arduino v Ayuso*, 70 AD3d 682 [2010]; *Matter of Mohabir v Singh*, 63 AD3d 1159, 1159 [2009]; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]). Although, as a general rule, determinations regarding custody and related matters should be made after a full evidentiary hearing (*see e.g. Matter of Brooks v Brooks*, 255 AD2d 382, 383 [1998]), here, the mother consented to the Family Court's so-called "mini-hearing" procedure, thus waiving her right to a full evidentiary hearing (*see Matter of Goldman v Goldman*, 201 AD2d 860, 862 [1994]; *cf. Matter of Richmond v Perez*, 38 AD3d 782, 783-784 [2007]). In any event, a full evidentiary hearing was not necessary, since the Family Court possessed sufficient information to render an informed decision consistent with the best interests of the children (*see Matter of Peluso v Kasun*, 78 AD3d 950, 950-951 [2010]; *Matter of Hom v Zullo*, 6 AD3d 536 [2004]; *see also Matter of Weinschneider v Weinschneider*, 73 AD3d 1194, 1195 [2010]).

We agree, however, with the mother's contention that the Family Court erred in directing that "[n]o petition requesting additional visitation by the mother shall be accepted by the court until the [attorney for the children] has approved of such a request" (*see Matter of Mackenzie M. v Mary U.*, 38 AD3d 1249, 1250 [2007]; *Matter of Shreve v Shreve*, 229 AD2d 1005, 1006 [1996]). We note that the alternatives to that provision proposed by the father and the attorney for the children in their respective briefs also would be improper (*see generally Matter of Williams v O'Toole*, 4 AD3d 371, 372 [2004]; *Matter of Adam H.*, 195 AD2d 1074, 1075 [1993]; *cf. Vogelgesang v Vogelgesang*, 71 AD3d 1132, 1134 [2010]). Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.