In related actions for a divorce and ancillary relief, the wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Falmieri, J.), entered December 8, 2011, as, after a hearing, granted the husband’s motion to modify the custody provisions of a custody and visitation order of the Family Court, Nassau County (Zimmerman, J.), entered January 24, 2011, so as to transfer residential custody of the parties’ child from her to the husband. By decision and order on motion of this Court dated January 30, 2012, enforcement of the order appealed from was stayed pending hearing and determination of the appeal.
Ordered that the order entered December 8, 2011, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the husband’s motion is denied, and the custody provisions of the custody and visitation order of the Family Court, Nassau County, entered January 24, 2011, are reinstated.
“A modification of an existing custody arrangement should be allowed only upon a showing of a sufficient change in circumstances demonstrating a real need for a change of custody in order to insure the child’s best interests” (Matter of Nava v Kinsler, 85 AD3d 1186, 1186 [2011]; see Matter of Mazzola v Lee, 76 AD3d 531 [2010]; Matter of Odeh v Assad, 74 AD3d 1345, 1347 [2010]; Matter of Gilleo v Williams, 71 AD3d 1023 [2010]). The husband failed to meet that burden with the evidence he presented regarding the wife’s interest in spiritual and paranormal phenomena, which did not establish a change in circumstances contrary to the best interests of the child. Moreover, *660 the evidence of an isolated accidental injury of the child while in the wife’s care was an insufficient basis on which to change the custodial arrangement (see Matter of Grayson v Fenton, 13 AD3d 914 [2004]). Accordingly, the Supreme Court’s determination that there had been a sufficient change in circumstances since the Family Court’s issuance of the custody and visitation order to warrant a change in residential custody is not supported by a sound and substantial basis in the record.
The parties’ remaining contentions either are without merit or need not be addressed in light of our determination. Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.