■ In the Matter of JAMES M., Appellant, v KEVIN M. et al., Respondents. (Proceeding No. 1.) In the Matter of JENNIFER M. et al., Appellants, v KEVIN M. et al., Respondents. (Proceeding No. 2.) In the Matter of JENNIFER M., Appellant, v KEVIN M. et

al., Respondents. (Proceeding No. 3.) In the Matter of KEVIN M., Respondent, v JENNIFER M. et al., Appellants. (Proceeding Nos. 4 and 5.) [952 NYS2d 257]—

The mother and the father are parents of two children, Austyn and Jaymes. Since his birth, Austyn has been in the care and custody of the maternal grandfather, Kevin M., Austyn's legal guardian. Jaymes, after being removed from the care of the mother and father at birth and placed in foster care, was subsequently returned to the mother and father. By November 2009, the mother and father had full custody of Jaymes and, pursuant to an order of the Family Court dated November 4, 2009, the mother and father were awarded unsupervised visitation with Austyn once a month for up to eight hours.

The mother and father both filed petitions to modify the order of visitation dated November 4, 2009, to permit a "more traditional visitation schedule" and overnight visitation with Austyn. A hearing was held on the petitions before the Family Court, at which the mother, father, maternal grandfather, and maternal step-grandmother testified. At the close of all the testimony, the Family Court, inter alia, granted the mother's and father's modification petitions and awarded them an additional eight hours of unsupervised visitation with Austyn every other month. The Family Court, in effect, denied the mother's and father's requests for overnight visitation. The mother and the father appeal.

An existing visitation arrangement may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 467 [b] [ii]; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004]; Matter of Boggio v Boggio, 96 AD3d 834 [2012]; Galanti v Kraus, 85 AD3d 723, 724 [2011]). The paramount

concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances (*see Matter of Wilson v McGlinchey*, 2 NY3d at 380-381; *Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]; *Matter of Boggio v Boggio*, 96 AD3d 834 [2012]; *Galanti v Kraus*, 85 AD3d at 724). Since custody and visitation determinations "necessarily depend[ ] to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the court's findings. Therefore, its findings should not be set aside unless they lack a sound and substantial basis in the record" (*Matter of Elliott v Felder*, 69 AD3d 623 [2010] [citation omitted]).

Although, as a general rule, determinations regarding custody and related matters should be made after a full evidentiary hearing (*see e.g. Matter of Brooks v Brooks*, 255 AD2d 382, 383 [1998]), here, the mother and the father consented to the Family Court conducting only a "mini-trial," thus waiving their right to a full evidentiary hearing (*see Matter of Aquino v Antongiorgi*, 92 AD3d 780, 781 [2012]; *Matter of Goldman v Goldman*, 201 AD2d 860, 862 [1994]; *cf. Matter of Richmond v Perez*, 38 AD3d 782, 783-784 [2007]). In any event, a full evidentiary hearing was not necessary in this case, since the Family Court possessed sufficient information to render an informed decision consistent with the best interests of the children based on its extensive history with the parties (*see Matter of Peluso v Kasun*, 78 AD3d 950, 950-951 [2010]; *Matter of Hom v Zullo*, 6 AD3d 536 [2004]; *see also Matter of Weinschneider v Weinschneider*, 73 AD3d 1194, 1195 [2010]).

Contrary to the contention of the mother and the father, the Family Court properly considered the totality of the circumstances, and its determination was supported by a sound and substantial basis in the record. Thus, the court's determination will not be disturbed (*see Matter of Davis v Pignataro*, 97 AD3d 677 [2012]; *Matter of Solovay v Solovay*, 94 AD3d 898 [2012]; *Matter of Jackson v Coleman*, 94 AD3d 762 [2012]). Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.