■ In the Matter of SHAINE N. KADYORIOS, Respondent, v TARA KIRTON, Appellant. (Proceeding Nos. 1 and 3.) In the Matter of TARA KIRTON, Appellant, v SHAINE N. KADYORIOS, Respondent. (Proceeding No. 2.) [13 NYS3d 249]—

Appeal from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated June 10, 2014. The order, without a hearing, granted the father's petition to modify a prior order of custody to the extent of awarding him

sole custody of the subject child and directed that no party remove the child from the jurisdiction without a court order. By decision and order on motion dated November 3, 2014, this Court granted that branch of the mother's motion which was to stay enforcement of so much of the order dated June 10, 2014, as awarded the father sole custody of the subject child, pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County (IDV Part), for a full evidentiary hearing to determine the custodial arrangement that is in the child's best interests, and a new determination thereafter; and it is further,

Ordered that pending the hearing and new determination, sole custody of the child shall remain with the mother, with visitation to the father pursuant to an order of the Supreme Court dated March 19, 2015.

The parties, who were never married, are the parents of a child born in October 2006. On October 5, 2011, by consent order of custody, the mother was awarded sole custody of the child and the father was awarded visitation. In December 2013, the father, claiming that the mother was interfering with his relationship with the child, petitioned to modify the consent order so as to award the parties joint custody. On June 10, 2014, after the mother stated in open court that she would not comply with certain terms of a temporary visitation order, the Supreme Court, without the benefit of a full evidentiary hearing, awarded the father sole custody of the subject child and directed that no party remove the child from the jurisdiction without a court order. The mother appeals.

To modify a consent order awarding sole custody to a parent, " 'there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child' " (*Matter of Gilleo v Williams*, 71 AD3d 1023, 1023 [2010], quoting *Matter of Zeis v Slater*, 57 AD3d 793, 793 [2008]; *see Sano v Sano*, 98 AD3d 659 [2012]). The paramount concern in any custody determination is the best interests of the child, under the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Matter of James M. v Kevin M.*, 99 AD3d 911, 911-913 [2012]).

As a general rule, determinations regarding custody and visitation should be made after a full evidentiary hearing (*see Matter of James M. v Kevin M.*, 99 AD3d at 913; *Matter of Aquino v Antongiorgi*, 92 AD3d 780, 781 [2012]). However, a hearing may not be necessary in certain circumstances where

the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child's best interests (*see Matter of James M. v Kevin M.*, 99 AD3d at 913; *Matter of Aquino v Antongiorgi*, 92 AD3d at 781; *Matter of Feldman v Feldman*, 79 AD3d 871 [2010]).

Here, the Supreme Court erred in modifying the custody order by changing sole custody from the mother to the father in the absence of a hearing. This was not a case where the court possessed adequate relevant information to enable it to make an informed and provident determination as to the child's best interests (*cf. Matter of James M. v Kevin M.*, 99 AD3d at 913). To the contrary, the court, which was faced with significant factual issues, awarded sole custody to the father because the mother adamantly proclaimed, in open court, that she would not abide by the court's orders with respect to visitation. We note that the mother's disrespect for the court's authority should not be countenanced, but this was not a sufficient basis to modify custody in this case where, among other things, the child had been in the mother's sole custody for several years, the father did not yet have overnight visits, and the court repeatedly expressed concerns about the father's ability to care for the child for an extended period of time in his home. Under these circumstances, the mother's misconduct certainly did not dispense with the need for a hearing to determine whether there was a change in circumstances such that modification of the prior order of custody was in the best interests of the child (*cf. Matter of Odeh v Assad*, 74 AD3d 1345 [2010]).

Accordingly, we reverse the order dated June 10, 2014, and remit the matter for a full evidentiary hearing to determine the custodial arrangement that is in the child's best interests. In the interim and until further order of the Supreme Court, Kings County (IDV Part), sole custody of the child shall remain with the mother, with visitation to the father pursuant to the Supreme Court's order dated March 19, 2015. Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.