Matter of Mendez v Limas (2018 NY Slip Op 02626)





Matter of Mendez v Limas


2018 NY Slip Op 02626


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2017-06795
 (Docket Nos. V-2017-15/16F, V-2017-15/16G)

[*1]In the Matter of Michael Matthew Mendez, respondent, 
v
Lesly Limas, appellant. (Proceeding No. 1)
In the Matter of Lesly Limas, appellant,
v
Michael Matthew Mendez, respondent. (Proceeding No. 2)


Riebling, Proto & Sachs, LLP, White Plains, NY (Nina Y. Lee of counsel), for appellant.
Joseph Petito, Poughkeepsie, NY, for respondent.
John A. Pappalardo, White Plains, NY (Olivia T. Marotta of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Tracy Cass MacKenzie, J.), dated May 18, 2017. The order, insofar as appealed from, after a hearing, awarded the parties joint legal and residential custody of the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father and the mother are the parents of a child. Pursuant to an order of custody on consent dated December 14, 2015, the mother and the father had joint legal custody of the child, and the mother had primary physical custody of the child subject to a schedule of physical access for the father. Thereafter, the mother and the father each filed a petition alleging a violation of the custody order. The mother also filed a petition seeking to modify the order.
The Family Court held a limited hearing by agreement of the parties at which they each testified in narrative form without cross-examination by the other party; only the court and the attorney for the child questioned them. In an order dated May 18, 2017, the court, inter alia, awarded the parties joint legal and residential custody of the child.
An existing court-sanctioned custody arrangement may be modified only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (see Matter of O'Shea v Parker, 116 AD3d 1051). An existing court-ordered visitation arrangement may be modified only upon a showing that there has been a subsequent change of circumstances and modification is required (see Family Ct Act § 467[b][ii]; Matter of James M. v Kevin M., 99 AD3d 911). The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172; Friederwitzer v Friederwitzer, 55 NY2d 89, 96; Matter of James M. v Kevin M., 99 AD3d 911). Since custody and visitation determinations necessarily depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the Family Court's findings (see Matter of James M. v Kevin M., 99 AD3d 911). Therefore, its findings should not be set aside unless they lack a sound and substantial basis in the record (see id.).
Here, the mother and the father consented to the Family Court conducting only a limited hearing, thus waiving their right to a full evidentiary hearing (see id.; Matter of Aquino v Antongiorgi, 92 AD3d 780, 781; Matter of Goldman v Goldman, 201 AD2d 860, 862). Contrary to the contention of the mother, the court's determination awarding the parties joint legal and residential custody was supported by a sound and substantial basis in the record. Thus, the court's determination will not be disturbed (see Matter of James M. v Kevin M., 99 AD3d 911; Matter of Davis v Pignataro, 97 AD3d 677).
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court