Matter of Boyko v Boyko (2019 NY Slip Op 01755)





Matter of Boyko v Boyko


2019 NY Slip Op 01755


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-09402
 (Docket Nos. O-849-16, V-7135-12, O-11706-15/15A, 15B, V-7135-12, 15C, 16D, V-7136-12, 15C)

[*1]In the Matter of Cheryl A. Boyko, appellant,
v
Richard J. Boyko, Sr., respondent. (Proceeding No. 1)
In the Matter of Richard J. Boyko, Sr., respondent,Cheryl A. Boyko, appellant. (Proceeding No. 2)


Carol J. Lewisohn, Cedarhurst, NY, for appellant.
Law Offices of Michael P. Berkley, P.C., Garden City, NY, for respondent.
Diaz & Moskowitz, PLLC, Garden City, NY (Hani Moskowitz of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Edmund M. Dane, J.), dated August 10, 2016. The order, insofar as appealed from, after a fact-finding hearing, granted the father's petition for sole legal and residential custody of the parties' children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father and the mother, who were married in 2005, are the parents of two children, born in 2007 and 2009, respectively. In 2012, after the parties separated, the father filed a petition for custody of the children. After a fact-finding hearing that lasted more than 62 days over the course of approximately 3½ years, the Family Court awarded the father sole legal and residential custody. The mother appeals.
"The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances" (Matter of James M. v Kevin M., 99 AD3d 911,912-913; see also Eschbach v Eschbach, 56 NY2d 167,171). The factors to be considered in making a custody determination include "which alternative will best promote stability for the child; the home environment with each parent; each parent's past performance, relative fitness, and ability to guide and provide for the child's overall well-being; and the willingness of each parent to foster a relationship with the other parent" (Matter of Cretella v Stephens, 160 AD3d 846, 847; see Matter of Estrada v Palacios, 148 AD3d 804, 804).
"Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's [*2]findings in this regard" (Matter of Scott v Thompson, 166 AD3d 627, 628; see Matter of Gooler v Gooler, 107 AD3d 712, 712). "Such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Scott v Thompson, 166 AD3d at 628; see Matter of Cretella v Stephens, 160 AD3d at 847).
Here, the evidence showed that the father is better able to provide for the children's well-being and to provide a stable environment for the children. The children have resided with the father and the paternal grandparents since 2011, and have regular contact with paternal and maternal family members. In contrast, among other things, the mother has engaged in criminal conduct consisting of shoplifting on more than one occasion, and she was arrested with the children present on at least one such occasion. Since the parties' separation, the mother has been involved in abusive relationships with certain men, and has allowed at least one of these men to reside in her home while the children were present. The mother kept a gate on her daughter's bedroom door that the mother had installed to provide her with privacy, notwithstanding that the daughter's therapist suggested that the mother remove the gate as it was causing the daughter upset and fear. The mother has engaged in multiple confrontations with various members of her family in the presence of the children, that at times resulted in violence. Lastly, the mother has been unable to maintain relationships with her own family members, including her mother, sister, and brother-in-law, who no longer speak with her.
While we acknowledge that the father has limited the mother's involvement with the children, and do not condone that conduct, the record supports the Family Court's finding that he has the greater capacity to overcome the parties' communication issues, and that he will be more likely than the mother to foster the children's relationship with the noncustodial parent.
Accordingly, the Family Court's determination that the children's best interests would be served by awarding sole legal and residential custody to the father has a sound and substantial basis in the record and should not be disturbed (see Matter of Scott v Thompson, 166 AD3d at 629).
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court