Matter of Street v Palmer (2020 NY Slip Op 06131)





Matter of Street v Palmer


2020 NY Slip Op 06131


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-13470
2019-13471
 (Docket Nos. V-6706-19, V-27002-19)

[*1]In the Matter of Kevin Street, appellant,
v
Alexis Palmer, respondent. (Proceeding No. 1.)
In the Matter of Alexis Palmer, respondent,
v
Kevin Street, appellant. (Proceeding No. 2.)


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals, by permission, from two orders of the Family Court, Kings County (Rupert V. Barry, J.), both dated November 21, 2019. The orders, without a hearing, granted the mother's motion, in effect, to modify a temporary order of custody of the same court dated November 4, 2019, so as to award her temporary custody of the parties' child. By decision and order on motion dated January 6, 2020, this Court stayed enforcement of the orders dated November 21, 2019, pending hearing and determination of the appeals or issuance of a dispositional order in the underlying proceedings, whichever occurs first.
ORDERED that the orders dated November 21, 2019, are reversed, on the law and the facts, without costs or disbursements, the mother's motion, in effect, to modify the temporary order of custody dated November 4, 2019, so as to award her temporary custody of the parties' child is denied, and the matter is remitted to the Family Court, Kings County, for a determination of the petitions with all convenient speed.
The parties, who were never married, are the parents of a child born in October 2009. In March 2019, the father filed a petition seeking, inter alia, sole custody of the child. Subsequently, the mother filed a petition for sole custody of the child. During the pendency of the proceedings, the Family Court, in an order dated November 4, 2019, awarded temporary custody of the child to the father. Thereafter, in two orders dated November 21, 2019, the court granted the mother's motion, in effect, to modify the temporary order of custody so as to award her temporary custody of the child. The father appeals.
"'The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances'" (Matter of Ledbetter v Singer, 162 AD3d 1031, 1031, quoting Matter of James M. v Kevin M., 99 AD3d 911, 912-913; see Eschbach v Eschbach, 56 NY2d 167, 172). As a general rule, "a custody determination should be made only after a full and fair hearing at which the record is fully developed" (Matter of Ledbetter v Singer, 162 AD3d at 1031-1032).
Here, the Family Court's determination to modify the temporary order of custody so as to award temporary custody of the child to the mother was not in the best interests of the child under the totality of the circumstances. Considering, among other circumstances, the available home environments and the child's preference, it is in the child's best interests to remain in the temporary custody of the father pending a full hearing on the issue of permanent custody (see Matter of Grigoli v Grigoli, 29 AD3d 792).
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court