Matter of Jafer v Marasa (2020 NY Slip Op 06789)





Matter of Jafer v Marasa


2020 NY Slip Op 06789


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-10935
 (Docket No. V-2886-18)

[*1]Matter of Aliye Jafer, et al., appellants,
v
Sal Marasa, respondent.


Wisselman, Harounian & Associates, P.C., Great Neck, NY (Jerome Wisselman and Joseph J. Bracconier III of counsel), for appellants.
Lally & Misir, LLP, Mineola, NY (Grant M. Lally of counsel), for respondent.
James Patrick McCarrick, Centereach, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6 and Domestic Relations Law § 72, the maternal grandparents appeal from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated July 25, 2019. The order, without a hearing, granted the father's oral application, in effect, to deny the petition and dismiss the proceeding.
ORDERED that the order is reversed, on the law, without costs or disbursements, the father's oral application, in effect, to deny the petition and dismiss the proceeding is denied, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.
The subject child was born in 2014, and resided with her parents in New York. In November 2017, the child's mother died. Shortly thereafter, the maternal grandparents petitioned for visitation with the child, alleging that the father refused to allow them visitation. After a series of appearances before the Family Court, the father made an oral application, in effect, to deny the petition and dismiss the proceeding, arguing that he had offered visitation to the maternal grandparents, which they refused. Without conducting a hearing, the court granted the father's application. The maternal grandparents appeal.
"When a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must make a two-part inquiry" (Matter of Gray v Varone, 101 AD3d 1122, 1123). First, it must find that the grandparents have standing based upon either the death of one or both parents, or other equitable considerations (see Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181). Once the court finds that the grandparents have standing, it must then determine if visitation is in the best interests of the child (see id. at 181).
Here, it is undisputed that the maternal grandparents have standing based upon the death of the child's mother. Since the maternal grandparents have standing, the Family Court should have proceeded to conduct a best interests determination based upon admissible evidence (see S.L. v J.R., 27 NY3d 558, 564; Matter of Robinson v Lewis, 73 AD3d 1183). Instead, the maternal grandparents were not permitted to present any evidence, no testimony was taken from any of the [*2]parties, and no in camera interview with the child was conducted. We disagree with the court's determination to grant the father's application, in effect, to deny the petition and dismiss the proceeding without first conducting a hearing, and thus we reverse the order appealed from and remit the matter to the Family Court, Suffolk County, for further proceedings consistent herewith.
On appeal, the father contends that the New York courts no longer have jurisdiction over this matter because he and the child are now residents of Florida. New York was the home state of the child on the date of the commencement of this proceeding. The Family Court has continuing jurisdiction over this matter until the court determines either that the father and the child no longer have a significant connection with New York, or that the father and the child do not presently reside in New York (see Domestic Relations Law § 76-a[1]).
Since the record indicates that the father was intending to move out of New York with the child, the question of jurisdiction should initially be considered by the Family Court upon remittitur (see Matter of Frankel v Frankel, 127 AD3d 1186). If the court determines that it has continuing jurisdiction over this matter, it should then proceed to a hearing on the maternal grandparents' petition for visitation.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court