Matter of Rosado v Cornielle (2021 NY Slip Op 08188)





Matter of Rosado v Cornielle


2021 NY Slip Op 08188


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-09606
 (Docket Nos. V-24790-17, V-32113-18)

[*1]In the Matter of Yohanny Hernandez Rosado, appellant, 
v
Guaroa Cornielle, respondent. (Proceeding No. 1).
In the Matter of Guaroa Cornielle, respondent,
v
Yohanny Hernandez Rosado, appellant. (Proceeding No. 2.)


Carol Lipton, Brooklyn, NY, for appellant.
William C. Hoffman, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Louise Feld and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated August 14, 2019. The order, insofar as appealed from, granted the motion of the attorney for the child to award temporary physical custody of the parties' child to the father. By decision and order on motion dated September 6, 2019, this Court stayed enforcement of the order dated August 14, 2019, pending hearing and determination of the appeal or issuance of a dispositional order in the underlying proceedings, whichever occurs first.
ORDERED that the order dated August 14, 2019, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the motion of the attorney for the child is denied, and the matter is remitted to the Family Court, Kings County, for the completion of the custody hearing and a determination of the petitions with all convenient speed.
The parties, who were never married, are the parents of one child born in 2012. In 2016, the father relocated to Pennsylvania, and the child remained in New York with the mother.
In September 2017, the father filed a petition seeking, inter alia, joint legal custody of the child. Subsequently, the mother filed a petition for sole legal and physical custody.
While a custody hearing was still ongoing, the attorney for the child (hereinafter the AFC) moved to award temporary physical custody of the child to the father, with an alternating weekend schedule of parental access to the mother. In an order dated August 14, 2019, the Family Court, among other things, granted the AFC's motion. The mother appeals.
"'The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances'" (Matter of Ledbetter v Singer, 162 AD3d 1031, 1031, quoting Matter of James M. v Kevin M., 99 AD3d 911, 912-913; see Eschbach v Eschbach, 56 NY2d 167, 172). As a general rule, "a custody determination should be made only after a full and fair hearing at which the record is fully developed" (Matter of Ledbetter v Singer, 162 AD3d at 1031-1032).
Here, the Family Court's determination to grant the AFC's motion to award temporary custody to the father was not in the best interests of the child under the totality of the circumstances (see Matter of Street v Palmer, 187 AD3d 1197). The mother had not presented her evidence and there were many controverted issues.
Accordingly, the order must be reversed, the AFC's motion denied, and the matter remitted to the Family Court, Kings County, for the completion of the custody hearing and a determination of the petitions.
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court