Matter of Corcoran v Liebowitz (2022 NY Slip Op 02542)

Matter of Corcoran v Liebowitz

2022 NY Slip Op 02542

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-04521
 (Docket Nos. V-6876-17, V-10325-19, V-10326-19)

[*1]In the Matter of Mariane Corcoran, respondent,
v
David Liebowitz, appellant.

Helene Migdon Greenberg, Scarsdale, NY, for appellant.
Laura Daniels, Scarsdale, NY, for respondent.
Jessica Bacal, Mount Kisco, NY, attorney for the child Cole L.
Robin D. Carton, White Plains, NY, attorney for the child Grant L.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Nilda Morales-Horowitz, J.), dated January 8, 2020. The order, insofar as appealed from, without a hearing, granted that branch of the mother's motion which was to modify the custody provisions of the parties' judgment of divorce and an order of the same court dated May 9, 2019, so as to award her sole legal custody of the parties' children, and awarded the father unsupervised parental access with the parties' youngest child only once per month for a period of up to five hours.
ORDERED that the order dated January 8, 2020, is modified, on the law, by deleting the provision thereof granting that branch of the mother's motion which was to modify the custody provisions of the parties' judgment of divorce and an order of the same court dated May 9, 2019, so as to award her sole legal custody of the subject children; as so modified, the order dated January 8, 2020, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a hearing on that branch of the mother's motion before a different Judge and a new determination thereafter; and it is further,
ORDERED that pending the hearing and new determination, the provisions of the order dated January 8, 2020, shall remain in effect.
The parties are the parents of two children. Pursuant to a stipulation of settlement which was incorporated but not merged into the parties' judgment of divorce dated January 13, 2016, the parties had joint legal and physical custody of the children. In an order dated May 9, 2019, the Family Court, inter alia, granted the mother's petition to modify the custody provisions of the judgment of divorce so as to award her sole physical custody of the children. Thereafter, the mother moved, among other things, to modify the custody provisions of the judgment of divorce and the order dated May 9, 2019, so as to award her sole legal custody of the children. In an order dated January 8, 2020, the court, inter alia, without a hearing, granted that branch of the mother's motion which was to award her sole legal custody of the children, and awarded the father unsupervised [*2]parental access with the parties' youngest child once per month for a period of up to five hours. The father appeals.
"In order to modify an existing court-sanctioned custody or parental access agreement, there must be a showing that there was a sufficient change in circumstances so that modification is required to protect the best interests of the child" (Matter of Merchant v Caldwell, 198 AD3d 782, 783; see Katsoris v Katsoris, 178 AD3d 794, 796). Although "[a] parent seeking a change of custody is not automatically entitled to a hearing" (Gentile v Gentile, 149 AD3d 916, 918), "custody determinations should '[g]enerally' be made 'only after a full and plenary hearing and inquiry'" (S.L. v J.R., 27 NY3d 558, 563, quoting Obey v Degling, 37 NY2d 768, 770). "[W]here 'facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute,' a hearing is required" (Palazzola v Palazzola, 188 AD3d 1081, 1082, quoting S.L. v J.R., 27 NY3d at 564).
Here, the record does not demonstrate the absence of unresolved factual issues so as to render a hearing unnecessary (see S.L. v J.R., 27 NY3d at 563; Matter of Merchant v Caldwell, 198 AD3d at 784). Rather, the record suggests that the award of sole legal custody to the mother "served more as a punishment to the father for his misconduct than as an appropriate custody award in the [children's] best interests" (Matter of Williams v Jenkins, 167 AD3d 758, 760 [alterations and internal quotation marks omitted]; see Matter of Kadyorios v Kirton, 130 AD3d 732, 734). While the Family Court's determination was initially limited to awarding the mother only decision-making authority as to education for the parties' youngest child, the court abruptly awarded sole legal custody of both children to the mother in response to the father stating that the court's decision was "ridiculous" and "demand[ing] we go to trial." The court advised the father that his interjections "[c]hanged my mind," and that "I was going to give you the option . . . to remain a joint custodian, but . . . you didn't let me even finish my thought." While "the [father's] disrespect for the court's authority should not be countenanced, . . . this was not a sufficient basis to modify custody" (Matter of Kadyorios v Kirton, 130 AD3d at 734).
The father's remaining contentions are without merit.
Accordingly, we remit the matter to the Family Court, Westchester County, for a hearing and a new determination thereafter of that branch of the mother's motion which was to modify the existing custody arrangement so as to award her sole legal custody of the children. Under the circumstances of this case, we deem it appropriate that the hearing and any further proceedings in this matter take place before a different Judge.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court