Matter of Izzo v Salzarulo (2024 NY Slip Op 03751)

Matter of Izzo v Salzarulo

2024 NY Slip Op 03751

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-06546
 (Docket Nos. V-4562-18, V-4214-16/19, V-5401-19, V-4214-16/22F, V-4214-16/22G, V-5401-19/22A, V-5401-19/22B)

[*1]In the Matter of Carlamarie Izzo, appellant,
v
Salvatore Salzarulo, respondent.

Francine Scotto, Staten Island, NY, for appellant.
Michele Sileo, Staten Island, NY (Benjamin Haber of counsel), for respondent.
Geanine Towers, Brooklyn, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Janet L. McFarland, J.), dated June 28, 2023. The order denied, without a hearing, the mother's motion to vacate an order of the same court dated August 31, 2022, which, inter alia, awarded the parties joint legal custody of their children, with physical custody and final decision-making authority to the father and certain parental access to the mother.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order dated June 28, 2023, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for a hearing on the mother's motion to vacate the order dated August 31, 2022, and a new determination thereafter.
The parties have two children together. During a hearing on their petitions for custody of the children, the parties reached a settlement. The Family Court, without stating the terms of the settlement on the record, allocuted the parties, who both stated that they had reviewed the settlement with their respective attorneys and were agreeing to the settlement voluntarily and freely. In an order dated August 31, 2022, the court, inter alia, awarded the parties joint legal custody of the children, with physical custody and final decision-making authority to the father and certain parental access to the mother (hereinafter the custody order).
The mother filed a petition to modify the custody order and then moved to vacate the custody order. In support of her motion, the mother submitted an affidavit in which she averred, inter alia, that she had not consented to the terms of the custody order. In an order dated June 28, 2023, the Family Court denied the motion without a hearing. The mother appeals.
Pursuant to CPLR 2104, an agreement between parties is binding against them where, as here, it was reduced to the form of an order and entered. Since "settlement agreements must abide by the principles of contract law, 'for an enforceable agreement to exist, all material terms must be set forth and there must be a manifestation of mutual assent'" (Herz v Transamerica Life Ins. Co., 172 AD3d 1336, 1337-1338, quoting Forcelli v Gelco Corp., 109 AD3d 244, 248 [internal quotation marks omitted]; see Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 285). CPLR 2104 does not require the parties or the court to place on the record an agreement between the parties that is reduced to an order. However, failing to do so makes the agreement open to collateral litigation (see generally Diarassouba v Urban, 71 AD3d 51, 56-57). Here, in light of the mother's averment that she did not consent to the terms of the custody order, the fact that the terms of the settlement were not placed on the record, and the fact that there was no writing subscribed by the parties, there is an unresolved issue as to whether there was a manifestation of mutual assent to the terms set forth in the custody order. Accordingly, we remit the matter to the Family Court, Richmond County, for a hearing on the mother's motion and a new determination thereafter (see Matter of Skylar P.J. [Kerry M.T.], 204 AD3d 1001, 1003; Matter of Corcoran v Liebowitz, 204 AD3d 910, 912; Matter of Mondschein v Mondschein, 195 AD3d 1025, 1027-1028).
The mother's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court