In the Matter of YOUSSEF ODEH, Respondent, v ZAHRA ASSAD, Appellant. CHILDREN's LAW CENTER, Nonparty Appellant. [904 NYS2d 201]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Supreme Court, Kings County (IDV Part, Morgenstern, J.), dated July 8, 2009, which granted the father's application for a temporary transfer of custody of the subject children to him, made in connection with the father's petitions to modify a consent order of custody of the same court dated March 29, 2009, which awarded sole custody of the children to the mother, and the Children's Law Center separately appeals, by permission, from so much of the same order as granted that branch of the father's application which sought a temporary transfer of custody of the child Fatimah Odeh to him.

Ordered that the order dated July 8, 2009 is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County (IDV Part), before a different Justice, for further proceedings consistent herewith; and it is further,

Ordered that pending determination of the father's petitions to modify the consent order of custody dated March 29, 2009, or the issuance, following a hearing, of an order of temporary custody by the Supreme Court, Kings County (IDV Part), the custody of the children shall remain with the mother, and the visitation rights of the father set forth in the order of the Supreme Court, Kings County (IDV Part), dated June 18, 2009, shall remain in effect.

The mother and the father, who were never married, have three children who remained in the mother's custody after the couple permanently separated in 2003. On March 29, 2009, by consent order of custody, the mother was awarded sole custody of the children and the father was awarded visitation with the two younger children. The father voluntarily withdrew, without prejudice, his application for visitation with the oldest child, who was estranged from him and fearful of visitation with him. On June 4, 2009 the father, claiming that the mother was alienating the children from him, petitioned to modify the consent order to award him sole custody of all three children. While that petition was pending, the mother violated the consent order and an order of the Supreme Court dated June 18, 2009, setting forth the father's visitation schedule, by failing to deliver one of the two younger children to the father for a two-week summer vacation. The father filed a second petition to modify the consent order and for immediate temporary

custody of all three children. When the mother failed to appear in court the following day with the younger child as directed, the court, by order dated July 8, 2009, granted, without a hearing, the father's application for temporary custody of the three children.

By decision and order on motion dated August 14, 2009, this Court granted the mother's motion for leave to appeal from the order dated July 8, 2009, granted the separate motion of the attorney for the oldest child for leave to appeal from so much of the order as awarded temporary custody of the oldest child to the father, and stayed enforcement of the order pending appeal. Notwithstanding this Court's order, the Supreme Court directed that the two younger children be placed in the father's continuous care, with supervised visitation to the mother. By decision and order on motion dated October 7, 2009, this Court granted the mother's motion to direct the return of the two younger children to her care and custody pending appeal. We reverse the order dated July 8, 2009.

In order to modify a consent order granting sole custody to a parent, " 'there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child' " (*Matter of Gilleo v Williams*, 71 AD3d 1023, 1023 [2010], quoting *Matter of Zeis v Slater*, 57 AD3d 793, 793 [2008]; *see Matter of Mingo v Belgrave*, 69 AD3d 859 [2010]; *see generally Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). While custody may properly be fixed without a hearing where sufficient facts are shown by uncontroverted affidavits (*see Cieri v Cieri*, 56 AD3d 409, 410 [2008]; *Carlin v Carlin*, 52 AD3d 559, 560 [2008]; *Matter of Jones v Scaldini*, 238 AD2d 422, 422-423 [1997]; *Senior v Senior*, 152 AD2d 784, 785 [1989]), here, there were disputed issues, and the alleged misconduct of the mother did not dispense with the need for a hearing with respect to the change in circumstances and the best interests of the children. Therefore, it was error for the Supreme Court to change custody of the children, even temporarily, without first holding a hearing. Consequently, we reverse the order dated the July 8, 2009, and remit the matter to a different Justice for further proceedings in accordance herewith.

Upon remittal, the Supreme Court must hold a hearing on the father's application for a temporary transfer of custody unless that application shall have been rendered academic by determination of the father's petitions to modify the consent order of custody. Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.