*1614 Appeal from a judgment of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered October 14, 2015. The judgment, insofar as appealed from, incorporated an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.) entered June 3, 2015, which granted sole custody of the parties’ children to plaintiff.
It is hereby ordered that said appeal is unanimously dismissed except insofar as defendant challenges the custody determination, the judgment insofar as appealed from is reversed on the law without costs, the second decretal paragraph is vacated, the order entered June 3, 2015 is reversed, and the matter is remitted to Supreme Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: Defendant mother appeals from an order of Family Court that granted plaintiff father’s petition seeking sole custody of the parties’ two children. Because that order was incorporated but not merged in Supreme Court’s subsequent judgment of divorce, we exercise our discretion to treat the appeal as having been taken from the final judgment of divorce (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [1988]). Although the judgment was entered upon the mother’s default and no appeal lies from a judgment entered on default, the appeal nevertheless “brings up for our review ‘matters which were the subject of contest’ before the court,” i.e., the father’s custody petition (Matter of Rottenberg v Clarke, 144 AD3d 1627, 1627 [2016], quoting James v Powell, 19 NY2d 249, 256 n 3 [1967], rearg denied 19 NY2d 862 [1967]; see Britt v Buffalo Mun. Hous. Auth., 109 AD3d 1195, 1196 [2013]).
We agree with the mother that Family Court erred in granting the father sole custody of the children in the absence of a hearing to determine the best interests of the children without “articulating] which factors were—or were not—material to its determination and the evidence supporting its decision” (S.L. v J.R., 27 NY3d 558, 564 [2016]). It is axiomatic that “custody determinations should ‘[generally be made ‘only after a full and plenary hearing and inquiry’. . . This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest[s] of the child[ren]” (id. at 563). “[A] court opting to forgo a plenary hearing must take care to clearly articulate” the material factors and the supporting evidence upon which it relied (id. at 564), and Family Court failed to do so here. We therefore dismiss the appeal except insofar as it *1615 concerns the contested custody matter, reverse the judgment insofar as appealed from, vacate the second decretal paragraph, reverse Family Court’s custody order, and remit the matter to Supreme Court for further proceedings on the issue of custody. In light of our determination, we need not reach the mother’s remaining contention.
Present—Peradotto, J.P., Carni, Curran, Troutman and Scudder, JJ.