In the Matter of JENELLE FRASER, Appellant, v KWAME M. FLEARY, Respondent. [47 NYS3d 387]—

Appeal by the mother from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated February 24, 2015. The order denied the mother's motion to vacate a final order of custody and visitation dated February 11, 2015.

Ordered that the order dated February 24, 2015, is reversed, on the law, without costs or disbursements, the mother's motion to vacate the final order of custody and visitation dated February 11, 2015, is granted, and the matter is remitted to the Supreme Court, Kings County (IDV Part), for a hearing on the parties' respective petitions for custody and visitation, and for new determinations of the petitions thereafter; and it is further,

Ordered that pending the new determinations of the parties' petitions, the provisions of the final order of custody and visitation shall remain in effect.

The parties, who were never married, are the parents of a nine-year-old boy. Since the child's birth, the parties have engaged in extensive litigation over issues involving custody and visitation. The parties both had petitions for custody and visitation pending when they appeared in the Supreme Court on February 11, 2015. At the urging of the court, the mother signed a stipulation agreeing to a schedule for visitation with the child, who was then in the father's custody pursuant to a temporary order. Although only the issue of visitation was discussed when the parties appeared on February 11, 2015, at the conclusion of the appearances, the court stated, without elaboration, that it was granting a final order of custody to the father. The mother promptly moved to vacate the final order of custody and visitation, indicating that she was revoking her

consent to resolve the issue of visitation without a hearing, and pointing out that neither the parties nor the court had discussed awarding the father custody. In the order appealed from, the Supreme Court denied the mother's motion. We reverse.

The court's paramount concern in any custody and visitation proceeding is to determine, under the totality of the circumstances, what is in the best interests of the child (*see S.L. v J.R.*, 27 NY3d 558, 562 [2016]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Velez v Alvarez*, 129 AD3d 1096, 1097 [2015]). Custody determinations should generally be made only after a full and plenary hearing and inquiry. This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interests of the child (*see S.L. v J.R.*, 27 NY3d at 563; *Obey v Degling*, 37 NY2d 768, 770 [1975]).

The Supreme Court erred in awarding the father sole custody of the child in the absence of a hearing to determine the best interests of the child. "[A] court opting to forgo a plenary hearing must take care to clearly articulate which factors were—or were not—material to its determination, and the evidence supporting its decision" (*S.L. v J.R.*, 27 NY3d at 564; *see Matter of King v King*, 145 AD3d 1613 [2016]). The court failed to do so here. Furthermore, the issue of custody was not discussed at the February 11, 2015, court appearances that resulted in the issuance of the final order of custody and visitation. Under these circumstances, the mother's motion to vacate the final order of custody and visitation dated February 11, 2015, should have been granted. Accordingly, we remit the matter to the Supreme Court, Kings County (IDV Part), for a hearing on the parties' respective petitions for custody and visitation, and for new determinations of the petitions thereafter. Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.