■ In the Matter of EVANS NOEL, Respondent, v WIDLYNE MELLE, Respondent. ETHAN N., Nonparty Appellant. [58 NYS3d 475]—

Appeal by the child from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated August 23, 2016. The order, without a hearing, granted the father's petition alleging that the mother had violated the terms of an existing custody and visitation order by awarding him custody of the child.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County (IDV Part), for further proceedings consistent herewith.

The parties are the parents of the subject child born in 2007. The parties never married. By order on consent dated February 3, 2012 (hereinafter the consent order), the mother was awarded sole legal and physical custody of the child, with visitation to the father. The father filed a violation petition dated March 11, 2016, alleging that the mother had violated the consent order by relocating with the child and by denying him visitation. After three court appearances, the matter was scheduled for a hearing on August 23, 2016. On that date, the Supreme Court denied a request by the mother to appear by telephone, and, without the father having made an application for custody of the child or the benefit of an evidentiary hearing, awarded the father custody of the child. The court also issued a warrant for the mother's arrest. The child appeals.

The paramount concern in any custody or visitation determination is the best interests of the child (*see Matter of Pagan v Gray*, 148 AD3d 811 [2017]; *Matter of Oyefeso v Sully*, 148 AD3d 710 [2017]). "In order to modify a consent order granting sole custody to a parent, 'there must be a showing of a change [in] circumstances such that modification is required to protect the best interests of the child' " (*Matter of Odeh v Assad*, 74 AD3d 1345, 1347 [2010], quoting *Matter of Gilleo v Williams*, 71 AD3d 1023, 1023 [2010]). "Custody determinations should generally be made only after a full and plenary hearing and inquiry. This general rule furthers the substantial interest, shared by the State, the [child], and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interests of the child" (*Matter of Fraser v Fleary*, 147 AD3d 937, 938 [2017]; *see S.L. v J.R.*, 27 NY3d 558, 563 [2016]). Reversal or modification of an existing custody order "should not be a weapon wielded as a means of punishing a recalcitrant" or contemptuous parent (*Matter of Ahmad v Naviwala*, 306 AD2d 588, 591 [2003]; *see Matter of Kadyorios v Kirton*, 130 AD3d 732 [2015]). Moreover, where no party has moved for a change in custody, a court may not modify an existing custody order in a non-emergency situation absent notice to the parties, and without affording the custodial parent an opportunity to present evidence and to call and cross-examine witnesses (*see Matter of Hirtz v Hirtz*, 108 AD3d 712, 714-715 [2013]; *Matter of Rodger W. v Samantha S.*, 95 AD3d 743, 743-744 [2012]; *Matter of Joseph A. v Jaimy B.*, 81 AD3d 1219, 1220 [2011]; *Matter of Terry I. v Barbara H.*, 69 AD3d 1146, 1149 [2010]; *Alix A. v Erika H.*, 45 AD3d 394, 394 [2007]; *Matter of Fisk v Fisk*, 274 AD2d 691, 692 [2000]).

Here, the Supreme Court improperly modified the consent order by changing custody from the mother to the father without the father having sought that relief in the petition, and without any apparent consideration of the child's best interests (*see S.L. v J.R.*, 27 NY3d at 563; *Matter of Odeh v Assad*, 74 AD3d at 1347). The court's award of custody to the father under the circumstances of this case also was improper in light of the father's statements during the proceedings that he did not have a steady place to live with the child and that he did not wish to make an application for custody. Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County (IDV Part), for further proceedings on the father's violation petition. We caution the Supreme Court to be mindful that determining the best interest of a child is a weighty responsibility, and that it ordinarily should not make such a determination without conducting an eviden-

tiary hearing. Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.