Matter of Ross v Ross (2020 NY Slip Op 03668)





Matter of Ross v Ross


2020 NY Slip Op 03668


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-02840
 (Docket No. V-857-18/18A)

[*1]In the Matter of Dion Ross, respondent, 
v
Pauline Ross, appellant.


Keith G. Ingber, Thompson Ridge, NY, for appellant.
Zimmet Law Group, P.C., New York, NY (Kristin K. Cheney of counsel), for respondent.
Chinyere U. Eze-Nliam, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), dated February 6, 2019. The order, insofar as appealed from, granted the father's petition alleging that the mother had violated the terms of an existing order of custody and parental access to the extent of conditionally awarding him sole legal and physical custody of the parties' child if the mother failed to return the child to New York City within 30 days of the date of the order.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
The parties are the parents of one child, born in 2012. They were married in 2012 and separated in December 2017. In January 2018, the mother filed a petition for custody of the child, and the father cross-petitioned for custody of the child. The hearing on the petitions concluded on June 12, 2018, and the Family Court reserved decision. On that same day, the Family Court issued a temporary order of parental access which gave the father parental access with the child on the upcoming Father's Day holiday and then on each Saturday thereafter. On June 26, 2018, the father filed the instant violation petition alleging that the mother had violated the June 12, 2018, temporary order of parental access in that when the father attempted to exercise parental access with the child in accordance therewith, he discovered that the mother and the child were gone. He suspected that the mother had moved with the child to Sweden.
While the violation petition was pending, on July 5, 2018, the Family Court issued its decision and order on the custody petitions and awarded sole legal and physical custody of the child to the mother, with parental access to the father. That order directed, among other things, that the mother could not relocate from New York City without the father's written consent. The mother appeared in court telephonically on September 17, 2018, and confirmed that she had moved with the child to Sweden, and had filed for a divorce in Sweden. The mother also submitted a petition to the court to relocate with the child to Sweden. The court directed the mother to appear in person on the [*2]violation and relocation petitions on November 7, 2018. On November 7, 2018, the mother's attorney appeared in court and indicated that the mother remained in Sweden. The court dismissed, without prejudice, the relocation petition and set the violation petition down for an inquest on January 23, 2019, warning that the mother's failure to appear and to produce the child "may" result in "an application for a transfer of custody."
On January 23, 2019, the mother's attorney appeared in court and indicated that the mother and child remained in Sweden. The father's attorney asked the Family Court to modify the July 5, 2018, custody order "to make a change in the order of custody for [the father] based on the actions of [the mother]." The mother's attorney objected on the ground that there was only a violation petition before the court and no notice was given on a petition to modify the existing order of custody. The court indicated that it would not make "that determination yet" and would take the inquest on the violation petition. After the father presented evidence, and the mother's attorney declined to present any, the court reserved decision. In an order dated February 6, 2019, the court, among other things, found that the mother had willfully violated the court's prior order, directed the return of the child to New York City within 30 days of the date of the order, and directed that in the event that the mother failed to return the child within 30 days, sole legal and physical custody of the child would be transferred to the father. The mother appeals.
The paramount concern in any custody determination is the best interests of the child, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Nehra v Uhlar, 43 NY2d 242, 248). Reversal or modification of an existing custody order " should not be a weapon wielded as a means of punishing a recalcitrant' or contemptuous parent" (Matter of Noel v Melle, 151 AD3d 1065, 1066, quoting Matter of Ahmad v Naviwala, 306 AD2d 588, 591; see Matter of Nehra v Uhlar, 43 NY2d at 250). In addition, "where no party has moved for a change in custody, a court may not modify an existing custody order in a non-emergency situation absent notice to the parties, and without affording the custodial parent an opportunity to present evidence and to call and cross-examine witnesses" (Matter of Noel v Melle, 151 AD3d at 1066; see Matter of Rodger W. v Samantha S., 95 AD3d 743, 744).
Here, the Family Court's conditional directive that sole legal and physical custody of the child shall be transferred to the father if the mother did not return the child to New York City within 30 days was meant to punish the mother and was not based on the court's determination of the best interests of the child. The court should not have considered a change in custody in the absence of an application for such relief with notice to the mother (see Matter of Noel v Melle, 151 AD3d at 1066; Matter of Odeh v Assad, 74 AD3d 1345, 1347). Further, the court's conditional award of custody to the father was improper in light of the court's determination otherwise that it was in the child's best interests to remain in the custody of the mother, and considering, among other things, that the mother had always been the child's primary caretaker, the father did not have overnight visits with the child, and the court had previously expressed concerns about the father's ability to care for the child for an extended period of time (see Matter of Kadyorios v Kirton, 130 AD3d 732, 734; see generally Friederwitzer v Friederwitzer, 55 NY2d 89, 94).
Accordingly, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Queens County, for further proceedings on the father's violation petition.
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court