Indictor v Indictor (2021 NY Slip Op 01968)





Indictor v Indictor


2021 NY Slip Op 01968


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-09807
 (Index No. 50551/12)

[*1]Helen Indictor, respondent,
v
Shimon Indictor, appellant.


Shimon Indictor, Brooklyn, NY, appellant pro se.
Jeffrey C. Bluth, New York, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Richmond County (Barbara Irolla Panepinto, J.), dated June 1, 2018. The order, insofar as appealed from, without a hearing, sua sponte, awarded sole legal and physical custody of the parties' children to the plaintiff.
ORDERED that the appeal from so much of the order as, sua sponte, awarded sole legal and physical custody of the child Daniel I. to the plaintiff is dismissed, without costs or disbursements; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, awarded sole legal and physical custody of the children Ashley I. and Jason I. to the plaintiff is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.
The parties are the parents of three children, born in 2002, 2003, and 2007, respectively. In 2012, the parties commenced actions for a divorce and ancillary relief, which were consolidated. In a temporary order of custody and visitation dated April 17, 2015, the Supreme Court, inter alia, awarded the plaintiff sole legal and physical custody of the children, with certain parenting time to the defendant.
In December 2017, the defendant moved, among other things, to appoint an attorney for the children, to be paid for by the plaintiff. In January 2018, the defendant made a separate motion, inter alia, to appoint an attorney for the children, to be paid for by the plaintiff and for the Supreme Court to direct an in camera interview with the children.
In an order dated February 7, 2018, the Supreme Court appointed an attorney for the children, to be paid for equally by the parties. At a proceeding on March 26, 2018, the court indicated that it had received notification from the appointed attorney for the children that he had [*2]not been paid by either party, and thus, was asking to be relieved. The parties both acknowledged they had not paid the attorney for the children. The court warned the defendant that if he did not pay the attorney for the children, the temporary order of custody and visitation would be "made final." The court added that it could not conduct an in camera interview of the children without an attorney for the children.
Thereafter, at a proceeding on April 27, 2018, the Supreme Court noted that the defendant still had not paid his share of the fees for the attorney for the children, and directed the plaintiff to provide the court with a proposed final order of custody. In an order dated June 1, 2018, the court, sua sponte, awarded sole legal and physical custody of the children to the plaintiff. The defendant appeals.
Initially, we note that the defendant's appeal from so much of the order as awarded sole legal and physical custody of the child Daniel I. to the plaintiff has been rendered academic, as that child has reached the age of majority and can no longer be the subject of a custody order (see Matter of Rodriguez v Sabbat, 185 AD3d 938, 940).
"The court's paramount concern in any custody and visitation proceeding is to determine, under the totality of the circumstances, what is in the best interests of the child[ren]" (Matter of Fraser v Fleary, 147 AD3d 937, 938; see S.L. v J.R., 27 NY3d 558, 562; Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Velez v Alvarez, 129 AD3d 1096, 1097). "Custody determinations should generally be made only after a full and plenary hearing and inquiry. This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interests of the child" (Matter of Fraser v Fleary, 147 AD3d at 938; see S.L. v. J.R., 27 NY3d at 563; Obey v Degling, 37 NY2d 768, 770). "[A] court opting to forgo a plenary hearing must take care to clearly articulate which factors were—or were not—material to its determination, and the evidence supporting its decision" (S.L. v J.R., 27 NY3d at 564; see Matter of Fraser v Fleary, 147 AD3d at 938).
Here, the record reflects that the Supreme Court failed to inquire into whether an award of sole legal and physical custody to the plaintiff was in the best interests of the children (see Matter of Archibald M. v Georgette S., 110 AD3d 811). Moreover, the court failed to articulate what factors it considered in awarding custody to the plaintiff other than the defendant's failure to pay his share of the fees for the attorney for the children (see Matter of Fraser v Fleary, 147 AD3d at 938). The record reflects that the plaintiff also failed to pay her share of the fees for the attorney for the children. Consequently, under the circumstances presented, we find that the court erred in awarding the plaintiff sole legal and physical custody of the two minor children without conducting a hearing.
Furthermore, while the express wishes of children are not controlling, "they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117). Here, an in camera interview of the two minor children—who are 13 years old and 17 years old, respectively—is warranted (see Matter of Ayers v Babcock, 187 AD3d 1179, 1180). We decline to disturb the Supreme Court's determination that the parties are each responsible for 50% of the fees of the attorney for the children, and we note that the parties may be found in contempt for any continued failure to pay these fees (see Matter of Siskind v Schael, 33 AD3d 806).
Accordingly, we remit the matter to the Supreme Court, Richmond County, for a hearing on the issue of custody and to conduct an in camera interview with the two minor children, with all convenient speed, in order to ascertain their wishes (see Matter of Lincoln v Lincoln, 24 NY2d 270), and for a new custody determination thereafter.
The parties' remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court