Matter of Cardona v McNeill (2021 NY Slip Op 06615)





Matter of Cardona v McNeill


2021 NY Slip Op 06615


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-09432
 (Docket No. V-00583-19)

[*1]In the Matter of Casey J. Cardona, appellant,
v
Tiara M. McNeill, respondent.


Carol L. Kahn, New York, NY, for appellant.
Christian P. Myrill, Jamaica, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated November 19, 2020. The order, without a hearing, dismissed the father's petition for parental access without prejudice.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of a daughter born in 2010. In an order dated April 2, 2019, entered upon the father's default, sole custody of the child was awarded to the mother. On June 27, 2019, the father filed a petition for parental access. Over the next 16 months, the Supreme Court repeatedly directed the father to cooperate with an Administration for Children's Services' (hereinafter ACS) home inspection and to submit to a drug test, but the father failed to comply. On November 19, 2020, on the record, the court dismissed the father's petition, without prejudice, stating that the father could re-file when he was ready to cooperate with the ACS investigation and the order to be drug tested. In a written order of the same date, the court dismissed the petition, without prejudice, "due to failure to state cause of action." The father appeals.
Although the written order states that the Supreme Court dismissed the petition, without prejudice, for failure to state a cause of action, an order must conform strictly to the underlying decision, and where an order is inconsistent with the underlying decision, the decision controls (see Valensi v Park Ave. Operating Co., LLC, 169 AD3d 960, 962; Matter of Schwarzenberger, 116 AD3d 868, 869-870; Matter of Testa v Strickland, 99 AD3d 917, 917). In its decision on the record, the court expressly dismissed the petition, without prejudice, due to the father's repeated and lengthy failure to comply with court directives to submit to a home inspection and a drug test.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in dismissing the father's petition, without prejudice to him re-filing when he was prepared to cooperate with court directives. Parental access determinations should "[g]enerally be [*2]made only after a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [internal quotation marks omitted]; see Matter of Vazquez v Bahr, 193 AD3d 946, 947). "While the general right to a hearing in [parental access] cases is not absolute, where 'facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute,' a hearing is required" (Palazzola v Palazzola, 188 AD3d 1081, 1082, quoting S.L. v J.R., 27 NY3d at 564). Here, however, the court did not purport to determine contested factual issues material to the best interests analysis, or make a final determination on the merits of the father's parental access petition (cf. Matter of Guy v Weichel, 173 AD3d 1028, 1030; Matter of Williams v Jenkins, 167 AD3d 758, 760; Matter of Noel v Melle, 151 AD3d 1065, 1066). Rather, the father's noncompliance with court directives prevented the matter from proceeding to a best interests hearing. Contrary to the father's contention, a hearing was not necessary before the court could determine that the father was noncompliant with court directives.
Contrary to the father's contention, there is no evidence of any bias on the part of the Supreme Court in connection with its dismissal, without prejudice, of the father's petition (see Matter of Yehudah v Yehudah, 144 AD3d 1046, 1047).
In light of our determination, we need not address the alternative basis for affirmance advanced by the mother and the attorney for the child.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court