Chukwuemeka v Chukuemeka (2022 NY Slip Op 04287)

Chukwuemeka v Chukuemeka

2022 NY Slip Op 04287

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2021-06925
 (Index No. 1090/19)

[*1]Monique A. Chukwuemeka, respondent,
v
Anthony U. Chukuemeka, appellant.

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Jana M. Schopfer, Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Dutchess County (Tracy C. MacKenzie, J.), dated August 26, 2021. The order, insofar as appealed from, without a hearing, granted the plaintiff's motion, in effect, for temporary primary residential custody of the parties' child.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for an expedited hearing and a new determination thereafter of the plaintiff's motion, in effect, for temporary primary residential custody of the parties' child; and it is further,
ORDERED that pending the hearing and new determination of the plaintiff's motion, temporary primary residential custody of the child shall remain with the plaintiff, with parental access to the defendant pursuant to the terms of the order appealed from.
The parties were married in January 2017 and have one child, born in 2017. In August 2019, the plaintiff commenced this action for a divorce and ancillary relief. In an order dated August 26, 2021, the Supreme Court, among other things, granted the plaintiff's motion, in effect, for temporary primary residential custody of the parties' child, without conducting a hearing. The defendant appeals.
"[C]ustody determinations should '[g]enerally' be made 'only after a full and plenary hearing and inquiry'" (S.L. v J.R., 27 NY3d 558, 563, quoting Obey v Degling, 37 NY2d 768, 770; see Matter of Daclin-Goyatton v Cousins, 172 AD3d 1369, 1369). While the general right to a hearing in custody cases is not absolute, where "facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a custody hearing is required" (S.L. v J.R., 27 NY3d at 564; see Palazzola v Palazzola, 188 AD3d 1081, 1082; Brin v Shady, 179 AD3d 760, 762). Moreover, while temporary custody may generally "be properly fixed without a hearing where sufficient facts are shown by uncontroverted affidavits, it is error as a matter of law to make an order respecting custody, even in a pendente lite context, based on controverted allegations without having had the benefit of a full hearing" (Matter of Wagner v Stevens, 143 AD3d 903, 904 [internal quotation marks omitted]; see Matter of Odeh v Assad, 74 AD3d 1345, 1347; Carlin v Carlin, 52 [*2]AD3d 559, 560).
Here, the record demonstrates disputed factual issues so as to require a hearing on the plaintiff's motion, in effect, for temporary primary residential custody of the child (see Matter of Odeh v Assad, 74 AD3d at 1347; Carlin v Carlin, 52 AD3d at 560; see also Matter of Ledbetter v Singer, 162 AD3d 1031, 1032). Accordingly, we reverse the order insofar as appealed from, and remit the matter to the Supreme Court, Dutchess County, for an expedited hearing on the plaintiff's motion, in effect, for temporary primary residential custody of the child, and a new determination thereafter.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court