Matter of Jones v Rodriguez (2022 NY Slip Op 05529)

Matter of Jones v Rodriguez

2022 NY Slip Op 05529

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-01027
 (Docket No. V-126-20)

[*1]In the Matter of Leonard Jones, appellant,
v
Stephanie Rodriguez, respondent.

Daniel E. Lubetsky, Jamaica, NY, for appellant.
Rhea G. Friedman, New York, NY, for respondent.
Mark Diamond, New York, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated January 19, 2021. The order, without a hearing, awarded sole legal and physical custody of the parties' daughter to the mother and, in effect, dismissed the father's petition for sole legal and physical custody of the parties' daughter without prejudice.
ORDERED that the order is modified, on the law, by deleting the provision thereof awarding sole legal and physical custody of the parties' daughter to the mother; as so modified, the order is affirmed, without costs or disbursements.
As is relevant to the instant proceeding, the parties, who were never married to each other, are the parents of a daughter born in 2016 (hereinafter the child). The child has been in the physical custody of the mother since her birth. The father filed a petition for sole legal and physical custody of the child. The Supreme Court directed that the Administration for Children's Services (hereinafter ACS) conduct an investigation and directed supervised visits between the father and the child. The father failed to comply with the investigation, including refusing to provide his address to ACS, and he failed to complete the intake process for arranging the supervised visits. On November 24, 2020, on the record, the court directed the dismissal of the father's petition without prejudice, stating that the father could refile a custody petition when he was ready to cooperate with the court's directives. In an order dated January 19, 2021, the court awarded sole legal and physical custody of the child to the mother and, in effect, dismissed the father's petition without prejudice. The father appeals.
"[C]ustody determinations should generally be made only after a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [alterations and internal quotation marks omitted]). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (id. at 563). "[A] court opting to forgo a plenary hearing must take care to clearly articulate which factors were—or were not—material to its determination, and the evidence supporting its decision" (id. at 564).
Here, the Supreme Court erred in making a final custody determination without a hearing and without inquiring into the best interests of the child (see Indictor v Indictor, 192 AD3d 1089, 1091; Matter of Fraser v Fleary, 147 AD3d 937, 938; Matter of Archibald M. v Georgette S., 110 AD3d 811).
However, the Supreme Court did not improvidently exercise its discretion in dismissing the father's petition without prejudice to him refiling a petition for custody of the child when he was prepared to cooperate with court directives. Under the circumstances of this case, the father's noncompliance with court directives prevented the matter from proceeding to a best interests hearing (see Matter of Cardona v McNeill, 199 AD3d 1002, 1003).
The parties' remaining contentions are without merit.
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court