Matter of Dysko v Dysko (2023 NY Slip Op 00864)

Matter of Dysko v Dysko

2023 NY Slip Op 00864

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2021-09428
 (Docket Nos. V-99-20, V-100-20)

[*1]In the Matter of Artur Dysko, appellant,
v
Malgorzata Dysko, respondent.

Heath J. Goldstein, Jamaica, NY, for appellant.
Rhea G. Friedman, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated November 4, 2021. The order, without a hearing, dismissed the father's petition for sole legal and physical custody of the parties' children without prejudice.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have two children together. On December 19, 2019, the father filed a petition for sole legal and physical custody of the children. During court conferences on July 13, 2021, and October 14, 2021, the Supreme Court directed the father to enroll in alcohol treatment. The father failed to comply with the court's orders. On November 4, 2021, on the record, the court directed the dismissal of the father's petition without prejudice, stating that the father could refile a custody petition when he was ready to cooperate with the court's directives. In an order dated November 4, 2021, the court dismissed the father's petition without prejudice. The father appeals.
The Supreme Court providently exercised its discretion in dismissing the father's petition, without prejudice to him refiling a petition for custody of the parties' children when he was prepared to cooperate with the court's directives. Under the circumstances of this case, the father's noncompliance with the court's directives prevented the matter from proceeding to a best interests hearing (see Matter of Jones v Rodriguez, 209 AD3d 651, 652; Matter of Cardona v McNeill, 199 AD3d 1002, 1003).
The remaining contentions of the parties and the attorney for the children are without merit.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court