Matter of Thayer v Darling (2025 NY Slip Op 01753)

Matter of Thayer v Darling

2025 NY Slip Op 01753

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

259 CAF 23-01239

[*1]IN THE MATTER OF TIFFANY A. THAYER, PETITIONER-APPELLANT,
v
ADAM J. DARLING, RESPONDENT-RESPONDENT.  MICHAEL J. CAPUTO, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
MICHAEL J. CAPUTO, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
SUSAN E. GRAY, CATONSVILLE, MARYLAND, ATTORNEY FOR THE CHILD. 

 Appeals from an order of the Family Court, Wayne County (Arthur B. Williams, J.), entered July 3, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner primary physical residence of the subject children on the condition that she relocate back to Wayne County or any contiguous county in New York State. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, petitioner mother and the Attorney for the Child (AFC) assigned to the younger of the parties' two children appeal from an order that, among other things, granted the mother primary physical residence of the children on the condition that she "relocate back to Wayne County or any contiguous [c]ounty in New York State by no later than August 31, 2023." According to the mother and the AFC for the younger child, Family Court should have awarded sole custody to the mother and allowed her to remain with the children in North Carolina, where they had moved over respondent father's objection during the pendency of this proceeding. The mother did not return to New York as directed, and the father was awarded primary physical residence of the children in Wayne County pursuant to a subsequent temporary order not challenged herein. The mother now exercises visitation rights with the children in the summer and during school breaks, as agreed upon by the parties, under that temporary order. We conclude that there is a sound and substantial basis in the record for the court's custody determination at issue here (see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]).
"[I]nasmuch as this case involves an initial custody determination, it cannot properly be characterized as a relocation case to which the application of the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 740-741 [1996]) need be strictly applied . . . Although a court may consider the effect of a parent's [proposed] relocation as part of a best interests analysis, relocation is but one factor among many in its custody determination . . . [T]he relevant issue is whether it is in the best interests of the child[ren] to reside primarily with the mother or the father" (Matter of Hochreiter v Williams, 201 AD3d 1303, 1303-1304 [4th Dept 2022] [internal quotation marks omitted]; see Matter of Saperston v Holdaway, 93 AD3d 1271, 1272 [4th Dept 2012], appeals dismissed 19 NY3d 887 [2012], 20 NY3d 1052 [2013]; see generally Eschbach, 56 NY2d at 172-174). "A court's evaluation of a child's best interests is entitled to great deference and will not be disturbed as long as it is supported by a sound and substantial basis in the record" (Kaleta v Kaleta, 225 AD3d 1293, 1294 [4th Dept 2024]).
Here, upon reviewing all of the relevant factors, including the mother's desire to remain with the children in North Carolina (see Hochreiter, 201 AD3d at 1303-1304; Saperston, 93 AD3d at 1272; see generally Eschbach, 56 NY2d at 172-174; Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]), we perceive no basis upon which to set aside the court's determination.
Although some of the custody factors favored the mother, others favored the father, particularly the fact that the mother is generally hostile toward the father and did not demonstrate a willingness to help maintain a positive relationship between him and the children while they resided with her in North Carolina. In fact, the mother did not even inform the father that she planned to move out of state with the children; the father found out when he saw a moving van outside her residence. Moreover, there is no compelling reason for the mother to reside in North Carolina, where she works at a restaurant earning less than she did at a comparable job in New York. When the mother moved to North Carolina in September 2022, her parents resided in Wayne County within seven miles of the father's home, although they later followed the mother to North Carolina. The children's paternal grandmother also resides in New York, which is where the parties met and the children had resided since August 2017.
Furthermore, contrary to the contention of the AFC for the younger child, the court did not err in conditioning the mother's continued primary physical residence of the children on her return to Wayne County or a contiguous county. Where an order following an initial custody hearing includes a requirement conditioning physical residence on a parent's return to the geographic area where the parties resided, it should be upheld where, as here, it "ha[s] a sound and substantial basis in the record" (Matter of Crivelli v Tolento, 100 AD3d 884, 885 [2d Dept 2012]; see Matter of Streid v Streid, 46 AD3d 1155, 1156 [3d Dept 2007]; cf. Matter of Ross v Ross, 185 AD3d 595, 597 [2d Dept 2020]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court