In the Matter of TONY R., Appellant, v STEPHANIE D., Respondent. [45 NYS3d 463]—

Appeal from order, Family Court, New York County (Douglas E. Hoffman, J.), entered on or about June 11, 2014, which granted respondent mother's motion, upon petitioner father's default, to dismiss his petition seeking modification of an order of custody, unanimously dismissed, without costs. Order, same court and Judge, entered on or about July 23, 2015, which

denied petitioner's motion to vacate his default, unanimously affirmed, without costs.

No appeal lies from the order entered upon petitioner's default (*see Benitez v Olson*, 29 AD3d 503 [2d Dept 2006]).

Family Court properly denied petitioner's motion to vacate his default, since he failed to demonstrate both a reasonable excuse for the default and a meritorious claim (*see* CPLR 5015 [a] [1]; *Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [2007]). His excuse that he was delayed climbing the stairs to the courtroom is unavailing, given that the courthouse had fully functioning elevators. Notably, he also had an extensive history of failing to appear, resulting in the dismissal of numerous prior petitions. Moreover, the father failed to make an evidentiary showing to demonstrate the need for a change in custody in order to ensure the continued best interest of the children (*see Sano v Sano*, 98 AD3d 659, 659 [2d Dept 2012]). Many of his allegations were unsupported and patently incredible.

Family Court possessed ample information regarding the numerous factors it was required to consider in its analysis of the children's best interest. Thus, it had a sound and substantial basis upon which to determine that it was in the children's best interest to remain in the mother's custody, even without a full evidentiary hearing (*see Matter of Bouie v Arvelo-Smith*, 12 AD3d 668 [2d Dept 2004]; *compare S.L. v J.R.*, 27 NY3d 558, 564 [2016] [hearing required where a court relied on, among other things, hearsay statements and an untested expert opinion]). The court was familiar with the parties' extensive history and their demeanor and, thus, was in a position to reasonably determine that there had been no change in circumstances that would warrant a change in custody (*see Matter of Vangas v Ladas*, 259 AD2d 755 [2d Dept 1999]). Concur—Friedman, J.P., Richter, Saxe, Moskowitz and Kapnick, JJ.