Matter of Nicole W. v Louis T. (2021 NY Slip Op 00137)





Matter of Nicole W. v Louis T.


2021 NY Slip Op 00137


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ. 


Docket No. V-16967/18 O-07566/18 Appeal No. 12827-12827A Case No. 2019-3687 

[*1]In the Matter of Nicole W., Petitioner-Respondent
v
Louis T. Respondent-Appellant.


The Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), for appellant.
Cahill Gordon & Reindel LLP, New York (Tamara M. O'Flaherty of counsel), for respondent.
Karen Freedman, Lawyers for Children Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about April 15, 2019, which, upon a fact-finding determination that respondent committed the family offenses of assault in the third degree, menacing in the third degree, strangulation in the second degree, and criminal mischief in the fourth degree, granted a five-year order of protection in favor of petitioner, unanimously affirmed, without costs. Order, same court and Judge, entered on or about April 12, 2019, which granted petitioner mother sole legal and physical custody of the subject child, unanimously affirmed, without costs.
A fair preponderance of the evidence supports the court's determination that respondent committed the family offenses of assault in the third degree, menacing in the third degree, strangulation in the second degree and criminal mischief in the fourth degree. Petitioner testified to physical altercations in which respondent choked her to the point of unconsciousness, pulled her around by her hair, shoved her, screamed at her, and punched her, injuring and scaring her, and testified that the child was present and in the zone of danger for at least two of the acts of violence (see Family Ct Act § 832; Penal Law §§ 120.00[1], 120.15; 121.12; see Matter of Antoinette T. v Michael J.M., 157 AD3d 531, 531-532 [1st Dept 2018]; and see Matter of Shirley D.-A. v Gregory D.-A., 168 AD3d 635, 635 [1st Dept 2019]; Matter of Rosa N. v Luis F., 166 AD3d 451, 452 [1st Dept 2018]). There exists no basis to disturb the court's credibility determinations (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]). Respondent also broke petitioner's cell phone, constituting the crime of criminal mischief (Penal Law § 145.00[1]; see e.g. Matter of Joan WW. v Peter WW., 173 AD3d 1380 [3d Dept 2019]).
The determination that aggravating circumstances existed to warrant the imposition of a five-year order of protection against respondent is supported by the record (see Family Ct Act § 827 [a] [vii]; § 842; Matter of Angela C. v Harris K., 102 AD3d 588, 589 [1st Dept 2013]).
Respondent failed to preserve his argument that an evidentiary hearing was necessary with respect to the custody petition (Matter of Gracie C. v Nelson C., 118 AD3d 417 [1st Dept 2014]), and we decline to review in the interest of justice. In any event, the Family Court properly determined that a further evidentiary hearing was not necessary because the court possessed sufficient information to render an informed decision on the child's best interests, based on petitioner's unrebutted testimony and because respondent made no further offer of proof that would have affected the outcome of the proceeding (see Matter of Fayona C. v Christopher T., 103 AD3d 424 [1st Dept 2013]; see also Matter of Tony R. v Stephanie D., 146 AD3d 691 [1st Dept 2017]; compare S.L. v J.R., 27 NY3d 558, 564 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*2]DEPARTMENT.
ENTERED: January 12, 2021