Matter of Desiree P. v Michael L. (2021 NY Slip Op 02996)





Matter of Desiree P. v Michael L.


2021 NY Slip Op 02996


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. O-27255/17 Appeal No. 13805 Case No. 2020-02399 

[*1]In the Matter of Desiree P., Petitioner-Respondent,
v
Michael L., Jr., Respondent-Appellant. 


Andrew J. Baer, New York, for appellant.
Kenneth M. Tuccillo, Hasting on Hudson, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Chai Park of counsel), attorney for the child.



Order, Family Court, Bronx County (Phaedra Perry, J.), entered on or about March 11, 2020, which denied respondent father's motion to vacate a prior five-year order of protection entered on or about July 17, 2018, upon his default, and directed him to stay away from petitioner mother and the subject child, unanimously affirmed, without costs.
The father failed to present a reasonable excuse for his failure to appear at the inquest on the mother's family offense petition that resulted in the order of protection, nor did he offer a meritorious defense. Accordingly, his motion to vacate his default was properly denied (see Matter of Tony R. v Stephanie D., 146 AD3d 691, 692 [1st Dept 2017]).
The father's remaining contentions are unavailing. The record reveals that he "knowingly, intelligently, and voluntarily" waived his right to counsel, despite being given several opportunities by the court to retain a lawyer. The court repeatedly advised the father that he would be at a disadvantage proceeding pro se and that an attorney could be appointed by the court at no cost if necessary, yet he declined to seek representation (see Matter of Pugh v Pugh, 125 AD3d 663, 664 [2d Dept 2015]). The father's further claim that the court was biased against him is unpreserved for appellate review, and, in any event, unsubstantiated by the record.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021