Matter of Sharon M. v Elmer Gabriel M. (2023 NY Slip Op 02943)

Matter of Sharon M. v Elmer Gabriel M.

2023 NY Slip Op 02943

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Kapnick, J.P., Oing, Gesmer, Singh, Shulman, JJ. 

Docket No. O-4535/21 Appeal No. 354 Case No. 2022-02448 

[*1]In the Matter of Sharon M., Petitioner-Respondent,
v
Elmer Gabriel M., Respondent-Appellant.

Maldonado & Cruz, PLLC, Bronx (Angel Cruz of counsel), for appellant.

Order, Family Court, Bronx County (Liberty Aldrich, J.), entered on or about May 20, 2022, which denied respondent's motion to vacate a two-year order of protection entered after an inquest conducted upon his default, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying respondent's motion to vacate the order of protection entered upon his default, as he failed to establish a reasonable excuse for his failure to appear for the January 12, 2022 fact-finding hearing that resulted in the order (CPLR 5015[a][1]; see Matter of Jenny F. v Felix C., 121 AD3d 413, 413 [1st Dept 2014]; Matter of Joei R., 302 AD2d 334, 335 [1st Dept 2003], lv dismissed in part, denied in part 100 NY2d 575 [2003]). Although respondent's former counsel may have miscalendared the hearing date by writing down February 12, 2022 instead of January 12, 2022, that mistake does not constitute a reasonable excuse under the circumstances. Respondent was present when Family Court scheduled the hearing date. In addition, respondent did not deny receiving a notice to appear, which was sent to him by both regular mail and email, and informed him of the hearing date and how to appear virtually (see Matter of Natalia M. v Odane S., 172 AD3d 597, 597 [1st Dept 2019]).
Since respondent's proffered excuse was not reasonable, we need not determine whether he showed a potentially meritorious defense (see Matter of Darryl H.W. [Angelina P.], 194 AD3d 439, 440 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023