Matter of Heidi A. v Roger C. (2024 NY Slip Op 00854)

Matter of Heidi A. v Roger C.

2024 NY Slip Op 00854

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Docket No. O-08116/20 Appeal No. 1683 Case No. 2022-02711 

[*1]In the Matter of Heidi A., Petitioner-Respondent,
v
Roger C., Respondent-Appellant.

Bruce A. Young, New York, for appellant.
Sanctuary for Families, New York (Luba Reife of counsel) and Weil Gotschal & Manges LLP, New York (Richard A. Rothman of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Gigi N. Parris, J.), entered on or about April 27, 2022, which denied respondent's motion to vacate an order finding, upon his default, that he committed family offenses against petitioner and granting an order of protection in favor of petitioner and their child, unanimously affirmed, without costs.
Respondent's motion to vacate his default was properly denied because he failed to establish a reasonable excuse for his failure to appear at the hearing and a potentially meritorious defense to the family offense petition (see CPLR 5015[a][1]; Matter of Desiree P. v Michael L., 194 AD3d 494, 495 [1st Dept 2021]). Respondent's claim that he was unaware that he needed to appear for the hearing is not a reasonable excuse for his default. The record establishes that respondent was acting as his own attorney at his insistence and was present when the date and time was selected for the hearing, and it was his responsibility to verify the date with his legal advisor or Family Court (see Matter of Sharon M. v Elmer Gabriel M., 217 AD3d 415, 415-416 [1st Dept 2023]; Matter of Krystal R. v Kriston L., 177 AD3d 445, 446 [1st Dept 2019]). Furthermore, respondent presented no evidence as to what measures he took to ensure that he was kept apprised as to when the hearing would commence by contacting his legal advisor or the court (see Matter of Roberto O. [Lakeysha H.], 166 AD3d 435, 435-436 [1st Dept 2018]; Matter of Christina McK. v Kyle S., 154 AD3d 548 [1st Dept 2017]).
Since respondent failed to demonstrate a reasonable excuse for his default, this Court need not determine whether he proffered a meritorious defense (see Matter of Krystal R. v Kriston L., 177 AD3d at 446).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024